UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CANON INC., | ) | |
| | ) | Case No. 21-163 |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF CANON INC.'S** |
| vs. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT** |
| INK TECHNOLOGIES PRINTER SUPPLIES, | ) | |
| LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | | |

Plaintiff Canon Inc. ("Canon") brings this action for patent infringement against

Defendant Ink Technologies Printer Supplies, LLC ("Defendant"), and alleges as follows:

## Related Actions

1.      This action is related to an action being concurrently filed in the U.S.

International Trade Commission, *In the Matter of Certain Toner Supply Containers and

Components Thereof* (the "ITC Proceeding"), in that (a) Canon is a complainant in the ITC

Proceeding; (b) Defendant is a named respondent, among other named respondents, in the ITC

Proceeding; (c) Canon is asserting the same patents against Defendant both here and in the ITC

Proceeding; and (d) this action and the ITC Proceeding involve the same accused products of

Defendant.  Canon is concurrently filing similar complaints in other district courts against the

other named respondents in the ITC Proceeding.

## The Parties

2.      Canon is a corporation organized and existing under the laws of Japan, having its

principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3.      Canon is a leading innovator, manufacturer and seller of a wide variety of copying machines, laser beam printers, inkjet printers, cameras, and other consumer, business, and industrial products.

4.      On information and belief, Ink Technologies Printer Supplies, LLC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 7600 McEwen Road, Dayton, Ohio 45459.

5.      On information and belief, Defendant conducts activities via the internet at least as *inktechnologies.com*.

## Jurisdiction and Venue

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because its principal place of business is located in this judicial district, and because it has, directly or through intermediaries, committed acts within Ohio giving rise to this action and/or has established minimum contacts with Ohio such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1400(b).  Defendant is organized in, and thus resides in, the State of Ohio and this judicial district.  Defendant has also committed infringing acts in this judicial district and has a regular and established place of business in this judicial district.

## Canon's Patents-in-Suit

9.      On February 19, 2019, U.S. Patent No. 10,209,667 (the "'667 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to

Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

10.     On May 14, 2019, U.S. Patent No. 10,289,060 (the "'060 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

11.     On May 14, 2019, U.S. Patent No. 10,289,061 (the "'061 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

12.     On May 21, 2019, U.S. Patent No. 10,295,957 (the "'957 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

13.     On November 26, 2019, U.S. Patent No. 10,488,814 (the "'814 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

14.     On December 3, 2019, U.S. Patent No. 10,496,032 (the "'032 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

15.     On December 3, 2019, U.S. Patent No. 10,496,033 (the "'033 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to

Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

16.     On December 24, 2019, U.S. Patent No. 10,514,654 (the "'654 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

17.     On December 31, 2019, U.S. Patent No. 10,520,881 (the "'881 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

18.     On December 31, 2019, U.S. Patent No. 10,520,882 (the "'882 patent"), titled "Developer Supply Container and Developer Supplying System," duly and legally issued to Canon as assignee of the inventors, Manabu Jimba, Ayatomo Okino, Katsuya Murakami, Toshiaki Nagashima, and Fumio Tazawa.

19.     Canon is the sole owner of the entire right, title, and interest in and to the '667, '060, '061, '957, '814, '032, '033, '654, '881, and '882 patents (collectively, "Asserted Patents"), including the right to sue and recover for any and all infringements thereof.

20.     The Asserted Patents are valid and enforceable.

**Defendant's Infringing Activities**

21.     On information and belief, Defendant is engaged in the business of selling and/or offering to sell within the United States and/or importing into the United States toner supply containers (hereinafter, "Accused Products") for use in one or more Canon copy machines, including but not limited to the copy machines listed in the table below, which toner supply containers are covered by one or more claims of each of the Asserted Patents.

| Canon Copiers | Canon Toner Supply Containers |
|---|---|
| Canon imageRUNNER® Advance C250iF | GPR-51 |
| Canon imageRUNNER® Advance C255iF | GPR-51 |
| Canon imageRUNNER® Advance C350P, C350iF | GPR-51 |
| Canon imageRUNNER® Advance C355iF | GPR-51 |
| Canon imageRUNNER® C1325iF | GPR-52 |
| Canon imageRUNNER® C1335iF | GPR-52 |
| Canon imageRUNNER® C3025i, C3125i | GPR-53 |
| Canon imageRUNNER® Advance C3325i | GPR-53 |
| Canon imageRUNNER® Advance C3330i | GPR-53 |
| Canon imageRUNNER® Advance C3525i, C3525i II, C3525i III | GPR-53 |
| Canon imageRUNNER® Advance C3530i, C3530i II, C3530i III | GPR-53 |
| Canon imageRUNNER® Advance DX C3725i | GPR-53/GPR-53L |
| Canon imageRUNNER® Advance DX C3730i | GPR-53/GPR-53L |
| Canon imageRUNNER® Advance C5535i, C5535i II, C5535i III | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance C5540i, C5540i II, C5540i III | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance C5550i, C5550i II, C5550i III | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance C5560i, C5560i II, C5560i III | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance DX C5735i | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance DX C5740i | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance DX C5750i | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance DX C5760i | GPR-55/GPR-55L |
| Canon imageRUNNER® Advance 4525i, 4525i II, 4525i III | GPR-57 |
| Canon imageRUNNER® Advance 4535i, 4535i II, 4535i III | GPR-57 |
| Canon imageRUNNER® Advance 4545i, 4545i II, 4545i III | GPR-57 |
| Canon imageRUNNER® Advance 4551i, 4551i II, 4551i III | GPR-57 |
| Canon imageRUNNER® Advance DX4725i | GPR-57 |
| Canon imageRUNNER® Advance DX4735i | GPR-57 |
| Canon imageRUNNER® Advance DX4745i | GPR-57 |

| Canon imageRUNNER® Advance DX4751i | GPR-57 |
| --- | --- |
| Canon imageRUNNER® Advance C256iF II, C256iF III | GPR-58 |
| Canon imageRUNNER® Advance C356iF II, C356iF III | GPR-58 |
| Canon imageRUNNER® Advance DX C257iF | GPR-58 |
| Canon imageRUNNER® Advance DX C357iF | GPR-58 |
| Canon imageRUNNER® 2630 | GPR-62 |

22.     Non-limiting examples of Accused Products sold by Defendant that infringe the Asserted Patents include those bearing the designations NCGPR51C, NCGPR51M, NCGPR51Y, NCGPR58K, NCGPR58C, NCGPR58M, and NCGPR58Y.

23.     A non-limiting example of an infringing toner supply container imported and/or sold by Defendant is model NCGPR58K, depicted below.







**First Cause of Action: Infringement of U.S. Patent No. 10,209,667**

24.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

25.     Defendant has directly infringed and is directly infringing the '667 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '667 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 3, 6-8, 11, 12, 14, 17-19, and 23 of the '667 patent.

26.     Defendant also is indirectly infringing the '667 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '667 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

27.     Attached hereto as Exhibit 1, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '667 patent.

28.     The Court has not yet construed the meaning of any claims or terms in the '667 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

29.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

30.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '667 patent.

31.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Second Cause of Action: Infringement of U.S. Patent No. 10,289,060**

32.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

33.     Defendant has directly infringed and is directly infringing the '060 patent by selling and/or offering to sell within the United States and/or importing into the United States

Accused Products embodying the invention defined by one or more claims of the '060 patent, without authority of Canon. More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 2, 6-8, 11, 12, and 16-18 of the '060 patent.

34. Defendant also is indirectly infringing the '060 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above. At the very latest, Defendant will be given notice of the '060 patent and its infringement thereof upon being served with or otherwise receiving this Complaint. On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

35. Attached hereto as Exhibit 2, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '060 patent.

36. The Court has not yet construed the meaning of any claims or terms in the '060 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

37. Canon contends that each element of each asserted claim is literally present in the accused toner supply containers. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

38.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '060 patent.

39.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

### Third Cause of Action: Infringement of U.S. Patent No. 10,289,061

40.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

41.     Defendant has directly infringed and is directly infringing the '061 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '061 patent, without authority of Canon. More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1-3, 6-8, 11-14, 17-19, and 23 of the '061 patent.

42.     Defendant also is indirectly infringing the '061 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above. At the very latest, Defendant will be given notice of the '061 patent and its infringement thereof upon being served with or otherwise receiving this Complaint. On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

43.     Attached hereto as Exhibit 3, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '061 patent.

44.     The Court has not yet construed the meaning of any claims or terms in the '061 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

45.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

46.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '061 patent.

47.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Fourth Cause of Action: Infringement of U.S. Patent No. 10,295,957**

48.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

49.     Defendant has directly infringed and is directly infringing the '957 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '957 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the

United States and/or importation into the United States of the Accused Products infringes at least claims 1, 2, 4, 7-9, 12-14, 16, 19-21, and 25 of the '957 patent.

50.     Defendant also is indirectly infringing the '957 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '957 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

51.     Attached hereto as Exhibit 4, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '957 patent.

52.     The Court has not yet construed the meaning of any claims or terms in the '957 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

53.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

54.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is

therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '957 patent.

55.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

### Fifth Cause of Action: Infringement of U.S. Patent No. 10,488,814

56.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

57.     Defendant has directly infringed and is directly infringing the '814 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '814 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 4, 7-9, 12, 13, 16, 19-21, and 25 of the '814 patent.

58.     Defendant also is indirectly infringing the '814 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '814 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

59.     Attached hereto as Exhibit 5, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '814 patent.

60.     The Court has not yet construed the meaning of any claims or terms in the '814 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any

particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

61. Canon contends that each element of each asserted claim is literally present in the accused toner supply containers. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

62. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '814 patent.

63. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

### Sixth Cause of Action: Infringement of U.S. Patent No. 10,496,032

64. Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

65. Defendant has directly infringed and is directly infringing the '032 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '032 patent, without authority of Canon. More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 4, 7-9, 12, 13, 16, 19-21, 25, 26, 29, 32-34, 37, 38, 41, 44-46, 49, 50, 53, 56-58, and 61 of the '032 patent.

66.     Defendant also is indirectly infringing the '032 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '032 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

67.     Attached hereto as Exhibit 6, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '032 patent.

68.     The Court has not yet construed the meaning of any claims or terms in the '032 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

69.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

70.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '032 patent.

71.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Seventh Cause of Action: Infringement of U.S. Patent No. 10,496,033**

72.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

73.     Defendant has directly infringed and is directly infringing the '033 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '033 patent, without authority Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 5, 8-10, 13, 14, 18, 21-23, and 26-28 of the '033 patent.

74.     Defendant also is indirectly infringing the '033 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '033 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

75.     Attached hereto as Exhibit 7, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '033 patent.

76.     The Court has not yet construed the meaning of any claims or terms in the '033 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding

the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

77. Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

78. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '033 patent.

79. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## Eighth Cause of Action: Infringement of U.S. Patent No. 10,514,654

80. Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

81. Defendant has directly infringed and is directly infringing the '654 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '654 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 3-5, 8, 10-12, 46, 48-50, 53, and 55-57 of the '654 patent.

82. Defendant also is indirectly infringing the '654 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused

Products in at least the Canon copy machines listed above. At the very latest, Defendant will be given notice of the '654 patent and its infringement thereof upon being served with or otherwise receiving this Complaint. On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

83.     Attached hereto as Exhibit 8, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '654 patent.

84.     The Court has not yet construed the meaning of any claims or terms in the '654 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

85.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

86.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '654 patent.

87.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

18

**Ninth Cause of Action: Infringement of U.S. Patent No. 10,520,881**

88.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

89.     Defendant has directly infringed and is directly infringing the '881 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '881 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 5, 8-10, 13, 14, 18, 21-23, and 25 of the '881 patent.

90.     Defendant also is indirectly infringing the '881 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '881 patent and its infringement thereof upon being served with or otherwise receiving this Complaint.  On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

91.     Attached hereto as Exhibit 9, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '881 patent.

92.     The Court has not yet construed the meaning of any claims or terms in the '881 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

93.     Canon contends that each element of each asserted claim is literally present in the accused toner supply containers.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

94.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '881 patent.

95.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Tenth Cause of Action: Infringement of U.S. Patent No. 10,520,882**

96.     Canon repeats and incorporates by reference the allegations of paragraphs 1-23, as though set forth here in their entirety.

97.     Defendant has directly infringed and is directly infringing the '882 patent by selling and/or offering to sell within the United States and/or importing into the United States Accused Products embodying the invention defined by one or more claims of the '882 patent, without authority of Canon.  More particularly, Defendant's sale and/or offer for sale in the United States and/or importation into the United States of the Accused Products infringes at least claims 1, 6-8, 11, and 16-18 of the '882 patent.

98.     Defendant also is indirectly infringing the '882 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's Accused Products in at least the Canon copy machines listed above.  At the very latest, Defendant will be given notice of the '882 patent and its infringement thereof upon being served with or otherwise

receiving this Complaint. On information and belief, Defendant knowingly induces customers to use its Accused Products, including, for example, by promoting them for use in specific copy machines and/or providing customers with instructions for using them in those copy machines.

99. Attached hereto as Exhibit 10, and incorporated by reference herein, is a claim chart detailing how Defendant's NCGPR58K toner supply container, which is a representative example of an Accused Product, infringes independent claim 1 of the '882 patent.

100. The Court has not yet construed the meaning of any claims or terms in the '882 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

101. Canon contends that each element of each asserted claim is literally present in the accused toner supply containers. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

102. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '882 patent.

103. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## **Prayer for Relief**

WHEREFORE, Canon prays for judgment and relief as follows:

A.     That Defendant has infringed the Asserted Patents;

B.     That Defendant and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the Asserted Patents pursuant to 35 U.S.C. § 283;

C.     That Defendant be ordered to pay damages adequate to compensate Canon for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty, together with interest thereon;

D.     That Defendant be ordered to pay all of Canon's costs associated with this action; and

E.     That Canon be granted such other and additional relief as the Court deems equitable, just, and proper.

## **Jury Demand**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Canon demands a jury trial on all issues so triable.

Dated: March 8, 2021                    /s/ Gregory F. Ahrens
                                        Gregory F. Ahrens (Ohio Bar No. 0038627)
                                        Trial Attorney
                                        Charles D. Pfister (Ohio Bar No. 0097790)
                                        WOOD HERRON & EVANS LLP
                                        2700 Carew Tower
                                        441 Vine Street
                                        Cincinnati, Ohio 45202-2917
                                        Tel: (513) 241-2324
                                        Fax: (513) 241-6234
                                        gahrens@whe-law.com
                                        cpfister@whe-law.com

                                        Of Counsel:

                                        Michael P. Sandonato
                                        VENABLE LLP
                                        1270 Avenue of the Americas
                                        New York, New York 10104
                                        Tel: (212) 218-2100
                                        Fax: (212) 218-2200
                                        MSandonato@Venable.com

                                        *Attorneys for Plaintiff Canon Inc.*